Van Brunt, P. J.
This action was brought to recover a deposit made upon certain real estate at auction and the expense of investigating the title. The plaintiff obtained judgment, and from such judgment this appeal is taken. The question involved arises as to the defendant’s title to a part of the premises sold, viz., Ho. 38 Pike street. At the auction sale the premises were sold as Ho. 38 Pike street, and by no other description, and if the plaintiffs tendered a marketable title to 38 Pike street, as it was then in possession they complied with their contract.
The lot in question formed part of lot Ho. 386 upon the map of Eutger’s farm and in 1807 was conveyed to one Leonard Fisher. Leonard Fisher died leaving a last will and testament, which was duly admitted to probate, by which he devised lot Ho. 36 Pike street, without any other description to Louisa Langstaff and Augusta Langstaff. In 1862 they made a conveyance to one Boehringer of the premises, by the following description:
“ All the following premises situate in the city of Hew York, and described as follows, to wit: ‘ Being part of the lot Ho. 38 Pike street, and beginning at the northwest corner of said lot, running thence south about fifty feet, thence east twenty-seven feet, thence north about fifty feet to Pike street, thence west along Pike street twenty-seven feet to the place of beginning. Being the same premises mentioned in the last will and testament of Leonard Fisher, deceased.’ ”
This description is the one which is claimed to be too vague, uncertain and indefinite to locate the premises sought be conveyed.
It seems to be conceded by the respondent that if the deed had pm-ported to convey the whole of 38 Pike street, that no difficulty would have arisen in identifying the premises intended, but as the deed purported to convey only a part of lot Ho. 38 Pike street, and not the whole *272 lot, that the vagueness and uncertainty of the description becomes material. If Pike street ran east and west, instead of north and south as it actually does, the description would be perfectly intelligible. The conveyancer in drawing this deed made a mistake, evidently in the points of the compass. Hence the difficulty.
The lot as described is stated to be a part of lot 38 Pike street, that it has a front on Pike street of twenty-seven feet and a depth of fifty feet on each side. These dimensions are fixed and determined, and there is only one part of the lot 38 Pike street as conveyed to Fisher, which can fulfill these conditions. It is true that the points of the compass as contained in the deed are at variance with this location, but courses and distances must always give way to monuments (Washburn on Real Property, vol. 2, page 674), and as there can be no mistake as to what was intended by the description in question, when we disregard the mistake in the points of the compass, there is no ambiguity or uncertainty in the description. If we have a front of twenty-seven feet on Pilre street, which is a natural boundary, and a depth of fifty feet, we have no difficulty in locating the property in question as that part of 38 Pike street, which the plaintiff actually bought.
The judgment appealed from should, therefore, be reversed and a new trial ordered, with costs to the appellant to abide the event.
Brady and Daniels, JJ., concur.